It appeared also that the judgment against Dockery was obtained in the name of Lamb to the use of Pierce on 19 January, 1822, and that execution was stayed thereon by Lamb. It was held by Norwood *Page 161 J., on the trial below, that the justice's execution bound from the levy, and not from the teste, and from the judgment rendered defendant appealed.
No difference exists between the lien of a fi. fa. issuing from a magistrate and one from a county or Superior Court, so far as they regard chattels. Both bind the property from the teste, which, with respect to a justice's execution, must be understood the date of its issuing. The authority of the officer is in both cases equally complete to levy and sell the property by virtue of the execution, and no further act is required to confirm or validate (297) it. But the execution of a magistrate binds land only from the levy, because the authority to the constable is but conditional and qualified; he can only levy upon land for want of goods and chattels to satisfy the execution, and because after the levy so made he has no authority to sell, nor is any authority communicated by the same execution, but a return of the levy is to be made to the justice, and by him to the county court, by whom alone the order to sell land can be made, and by the sheriff alone can the order be executed. The only operation of the first execution, therefore, is to create a lien upon land by virtue of the levy; when that is done it has discharged its office, and hence it has been repeatedly decided that land is not bound in such an execution before the levy, for at the teste of the execution it is contingent whether the land will be liable or not. This partial and uncertain effect cannot be predicated of a fi. fa. against chattels and there is consequently a difference in the respective liens.